UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

REBECCA FLEMING,

        Plaintiff,

   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

CASE NO.   C06-5448RBL

REPORT AND RECOMMENDATION

Noted for March 16, 2007

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, secretary of H.E.W. v. Weber, 423 U.S. 261 (1976). This matter has been fully briefed. In response to Plaintiff's Opening Brief, Defendant concedes that the ALJ erred in his decision necessitating remand and assignation of a different ALJ for further administrative review. Plaintiff argues the errors made, by the same ALJ for a second time, should persuade the court to remand the matter, not for review, but for an award or appropriate benefits. Accordingly, the only issue before the court is the appropriate remedy. After reviewing the record, the undersigned recommends that the Court remand the matter for further proceedings with another ALJ assigned to the matter.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Rebecca Fleming is currently fifty-three years of age. She completed high school and had vocational training in phlebotomy (Tr. 120-21). From 1988 until 1994, Fleming worked in a hospital as a technician, where she filled carts with medical equipment (Tr. 62-63).

REPORT AND RECOMMENDATION
Page - 1

1  In September 2000, Ms. Fleming applied for Disability Insurance Benefits, stating that she had been
2  disabled since May 31, 1994 (Tr. 109), due to back pain. After her application was denied initially, and on
3  August 16, 2002, Ms. Fleming appeared and testified at an administrative hearing before ALJ Arthur
4  Joyner. (Tr. 25, 35). In addition, orthopedist Kenneth Sawyer, M.D., testified as a medical expert (Tr.
5  35-36, 64-70, 72-75, 99, 101-104), and Paul Prachyl testified as a vocational expert (Tr. 71-72, 75-78,
6  105, 107-08). At the hearing, Fleming amended her alleged onset date to December 30, 1999, i.e., the day
7  before her insured status expired (December 31, 1999)(Tr. 24, 40, 112).
8  On October 3, 2002, the ALJ decided that Fleming was not disabled at step five of the
9  administration's five-step sequential evaluation process (Tr. 25). The ALJ's 2002 decision became the
10  Commissioner's final decision when the Appeals Council denied Fleming's request for review (Tr. 5).
11  In September 2003, Fleming initiated a civil action for judicial review of the Commissioner's
12  final decision — the ALJ's 2002 decision. *See* Rebecca Fleming v. Barnhart, C03-5528RBL.. On
13  May 18, 2004, the parties reached a settlement, agreeing that the Court should order further administrative
14  proceedings. Following the Court's judgment, on June 24, 2004, the Appeals Council remanded the case
15  to ALJ Joyner for further administrative proceedings consistent with the stipulated agreement and order by
16  the Court's judgment. On January 3, 2005, Ms. Fleming appeared and testified at a supplemental hearing
17  before ALJ Joyner (Tr. 551, 585-86). In addition, Douglas Smith, M.D., testified as an orthopedist
18  medical expert (Tr. 428, 430, 551-52, 556-74, 579-80), and Kenneth Asher, Ph.D., testified as a
19  psychologist medical expert (Tr. 424, 426-27, 551-52, 574-79, 580-84). A vocational expert did not
20  testify at the supplemental hearing. On March 19, 2005, the ALJ decided again that Fleming was not
21  disabled at step five (Tr. 403-04). For this, he relied in part on vocational-expert testimony given at the
22  2002 hearing (Tr. at 402-04). On July 17, 2006, the ALJ's 2005 decision became the Commissioner's final
23  decision when the Appeals Council declined review. (Tr. 381).
24  The instant action was initiated by Ms. Fleming on August 8, 2006. In her Opening Brief Ms.
25  Fleming argued ALJ Joyner failed to appropriately consider the matter on remand. Plaintiff specifically
26  contends the ALJ made the following errors:
27   (i) the ALJ failed to reconsider Dr. Sawyer's testimony as ordered by the Court;
28   (ii) the ALJ failed to properly evaluate Plaitniff's mental impairments;

REPORT AND RECOMMENDATION
Page - 2

1       (iii) the ALJ failed to properly consider Plaintiff's obesity;

2       (iv) the ALJ failed to obtain vocational expert testimony;

3       (v) the ALJ failed to properly consider Plaintiff's credibility;

4       (vi) the opinions from Dr. Smith and Dr. Asher (the two medical experts at the most recent administrative hearing) do not provide substantial evidence for the ALJ to rely upon; and

6       (vii) the record supports disability and the Court should award benefits in this matter.

Defendant concedes (a) the ALJ's evaluation of the medical evidence (including plaintiff's mental impairments and obesity) was deficient, (b) the ALJ failed to reconsider Dr. Sawyer's testimony as directed, (c) the ALJ needs to re-evaluate Plaintiff's credibility and her residual functional capacity, and (d) the ALJ failed to satisfy the administration's burden at step-five. Defendant disagrees only in the form of the remedy, arguing that remand for further review is necessary.

## DISCUSSION

The decision whether to remand a case for further proceedings or simply to award benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1176-1178 (9th Cir. 2000). An award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989). Remand is appropriate where additional administrative proceedings could remedy defects. Id.; Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (*citing* Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984)). Where remand would only delay the receipt of benefits, judgment for the claimant is appropriate. Rodriguez, 876 F.2d at 763.

After reviewing the arguments presented, the court finds the matter should be remanded for further proceedings. While it is very unfortunate to send the matter back to the administration to perform many of the tasks previously directed, there are several unresolved issues for the administration to consider. For instance, the seminal issue of wether or not Ms. Fleming's was disabled on or prior to her last date insured, December 31, 1999, must be determined. In the process of making that determination, several facts must be reviewed and findings must be made by the administration, including a reevaluation of the medical evidence regarding Plaintiff's mental impairments and her obesity, Dr. Sawyer's testimony, newly acquired vocational expert testimony, and Ms. Fleming's credibility. Further proceedings are necessary because

there are outstanding issues that must be resolved before a finding of disability can be made. On remand, a newly assigned ALJ should at least do the following:

- reevaluate medical expert Dr. Sawyer's testimony,
- evaluate properly Ms. Fleming's mental impairment,
- evaluate properly Ms. Fleming's obesity,
- obtain necessary vocational-expert testimony and comply with SSR 00-4p, and
- redetermine Fleming's credibility.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court REMAND the matter to the administration with the direction that the Commissioner assign a new ALJ. On remand the new ALJ shall review the record as described in this report.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 16, 2006**, as noted in the caption.

DATED this 20th day of February, 2007.

                              */s/ J. Kelley Arnold*
                              J. Kelley Arnold
                              U.S. Magistrate Judge